# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard D.,**
**Petitioner Below, Petitioner**

**FILED**

November 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0039** (Pleasants County 11-D-38)

**Katheryn B.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard D., by counsel Brian K. Carr, appeals the order of the Circuit Court of Pleasants County, entered December 6, 2013, that denied his appeal of the final order of the Family Court of Pleasants County, entered May 1, 2013. The family court adopted Respondent Katheryn B's proposed parenting plan for the parties' daughter and determined Mr. D.'s child support obligation. Ms. B., by counsel John M. Butler, filed a summary response in support of the circuit court's order, to which Mr. D. replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties, who were never married, have one child together, a daughter, B., who was born on July 6, 2009, and would now be five years old. Mr. D.'s paternity was established via a DNA test. The parties did not live together; however, Ms. B., B., and Ms. B.'s teenaged son had occasional overnight visits at Mr. D.'s home. Otherwise, Ms. B. and her children resided with Ms. B.'s mother ("B.'s grandmother") at B.'s grandmother's home.

On May 14, 2011, Ms. B. and her children moved out of B.'s grandmother's home. Litigation commenced in this case three days later, on May 17, 2011, when Mr. D. filed an *ex parte* petition seeking custody of B. on the ground that Ms. B. had removed B. from B's grandmother's home and taken her to an unknown location. That same day, the family court entered an *ex parte* order granting temporary custody to Mr. D. and setting a hearing. However, soon thereafter, the order was dissolved, Ms. B. kept physical custody of B., and Mr. D. was given visitation with B.

Following various pre-trial hearings and continuances, the case came on for final hearing on December 4, 2012, and December 27, 2012. Ms. B., Mr. D., B.'s grandmother, and Ms. B.'s two brothers testified at these hearings. In summary, the evidence showed the following: Ms. B. works forty hours a week, Monday through Friday. Mr. D. works fourteen days each month for twelve hours a day. Mr. D. also works considerable overtime. However, Mr. D. does not work at

1

all in the months of November and December. When B. was born, Ms. B. took a six to eight week-long maternity leave and breast-fed B. Ms. B. claimed that Mr. D. missed only a day or so of work as a result of B.'s birth. When Ms. B.'s maternity leave ended, B's grandmother babysat B. while Ms. B. worked. Mr. D. often stopped by B.'s grandmother's house before and/or after work, or when he was off work, to assist in caring for B. These visits lasted from twenty minutes to three hours. Mr. D. claimed that he and B.'s grandmother provided the bulk of B.'s care, with Ms. B. "trailing a distant third." Mr. D. also claimed that when Ms. B. and B. visited his home, he and Ms. B. shared caretaker duties for B. Conversely, Ms. B. claimed that (1) she bore the majority of B.'s day-to-day care; (2) B.'s grandmother served as B.'s caretaker only when Ms. B. was at work; (3) B.'s grandmother babysat B. whether Mr. D. was working or not; (4) when Ms. B. and B. visited Mr. D. at his home, Ms. B. undertook the majority of B.'s care; and (5) during the two months Mr. D. was off work each year, he never took sole responsibility for B.'s care.

By final order entered May 1, 2013, the family court found the following. Ms. B. and B.'s grandmother had provided the majority of B.'s care and Ms. B. served at all times relevant as B.'s primary residential parent. Mr. D. failed to present sufficient evidence that he was entitled to a parenting plan wherein each parent had equal custodial responsibility for B. Ms. B.'s proposed parenting plan was in B.'s best interests, and was "fair and reasonable, and quite generous" given that it granted Mr. D. more parenting time than he was due pursuant to West Virginia Code § 48-9-201.[1] Specifically, the family court granted Mr. D. two weekends per month, two overnights every two weeks, two weeks in the summer, and alternate holidays for a total of 120 days with B. each year.

Mr. D. appealed the family court's final order to the circuit court. The circuit court denied Mr. D's appeal by order entered December 6, 2013, on the ground that the family court "neither made any clearly erroneous findings of fact nor . . . abused its discretion in the application of law to those facts." Mr. D. now appeals the circuit court's order.

We review a circuit court's ruling on a final family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

---

[1] West Virginia Code § 48-9-206(a) requires a family court to "allocate custodial responsibility so that the proportion of custodial time the child spends with each parent approximates the proportion of time each parent spent performing caretaking functions for the child prior to the parents' separation or, if the parents never lived together, before the filing of the action. . . ."

Mr. D. raises four assignments of error on appeal. Mr. D. first argues that the circuit court erred in affirming the family court's order, because the family court failed to adopt his parenting plan which gave the parties equal custodial time with B. Relatedly, Mr. D. argues that the family court erred in making conclusory findings of fact in regard to the caretaking functions he performed on behalf of B.

In the order on appeal, the circuit court found that the family court did not abuse its discretion in adopting Ms. B.'s proposed parenting plan because, based on the testimony adduced before the family court in this matter, Ms. B.'s parenting plan more closely represented the percentage of caretaking by each party prior to the filing of this action. The circuit court also found (1) that Ms. B. performed a majority of the day-to-day caretaking of B, and (2) that it was uncontroverted that, prior to the initiation of these proceedings, Mr. D. had B. for very few overnight visits without Ms. B. present. Based on this evidence, and our review of the record on appeal, we cannot say that the circuit court erred in affirming the family court's adoption of Ms. B.'s parenting plan.

With regard to Mr. D.'s claim that the circuit court erred in affirming the family court's allegedly conclusory findings, we note that Mr. D. focuses on the fact that the family court did not determine the *percentage of time* he served in various caretaker functions for B. However, we also note that Mr. D.'s counsel admitted that Mr. D. failed to complete the family court's parenting plan form which asks each parent to list the percentage of time he or she performed various caretaker functions for their child(ren). Therefore, we find it disingenuous that Mr. D. now claims error on this ground given that he had the opportunity to provide those percentages to the family court, but failed to do so.

Mr. D.'s second assignment of error regards West Virginia Code § 48-13-501, which requires use of the extended shared parenting child support formula where each parent has the child for more than 127 days per year, as follows:

> Child support for cases with extended shared parenting is calculated using Worksheet B. The following method is used only for extended shared parenting: That is, in cases where each parent has the child for more than *one hundred twenty-seven days per year* (thirty-five percent).

(Emphasis added.) Based on his claim that the family court granted him 135 overnights with B. each year, Mr. D. argues that the family court erred in failing to calculate his child support obligation using the extended shared parenting child support formula, as opposed to the basic shared parenting child support formula.

We first note that Mr. D. fails to explain how Ms. B.'s parenting plan, which was adopted by the family court, grants him 135 overnights with B. each year. We also note that West Virginia Code § 48-13-501 mentions the number of *days* a child spends with a parent, and not the number of overnights the child spends with a parent. Here, the parenting plan adopted by the family court grants Mr. D. 120 days with B. each year. One hundred and twenty-days is obviously less than the threshold of "more than 127 days" provided by West Virginia Code § 48-13-501. Therefore, the family court rejected the extended shared parenting child support formula,

3

and correctly applied the basic shared parenting formula in calculating Mr. D.'s child support obligation.

Mr. D. also claims that the family court erred with respect to its determination of his gross income, the valuation of his overtime pay, and the credit due him for that portion of his health insurance premium attributable to B.'s coverage. In its final order, the family court provided a detailed accounting of the manner in which it applied the basic shared formula in this case. For example, in calculating Mr. D.'s child support obligation, the family court used the "gross pay" amount listed on his 2012 W-2,[2] and the overtime pay listed on his end-of-year pay stubs for 2010, 2011, and 2012. The family court then averaged Mr. D's overtime pay for 2010 through 2012, divided that amount by thirty-six months to determine Mr. D's average monthly overtime, and properly assessed one-half that monthly amount in calculating Mr. D's child support obligation.[3] The family court also credited Mr. D. for that portion of his health insurance premium attributable to cost of B.'s coverage.[4] The circuit court reviewed the family court's child support calculation in light of the record on appeal and found no abuse of discretion. Following our own review of the record on appeal, we find that the circuit court did not err in affirming (1) the family court's use of the basic shared parenting formula; (2) its determination of Mr. D.'s gross income, overtime, or credit for health insurance premiums; or (3) its calculation of Mr. D.'s child support obligation.

Mr. D.'s third assignment of error is that the family court erred in failing to credit him for in-kind child support contributions for which he did not have a receipt. The family court gave Mr. D. credit for in-kind child support contributions for which he provided documentary evidence; however, it refused to give any such credit for unsubstantiated in-kind child support. On appeal, the circuit court found that the "decision to disregard unsubstantiated in-kind support was wholly in the discretion of the family court judge." We concur. Although we have said that in-kind benefits may be considered when a family court sets a child support obligation,[5] the party seeking a credit for in-kind support bears the burden of proving that the contributions, in fact, have been rendered. Here, Mr. D. failed to meet that burden. As such, we find that the circuit court did not err in regard to this assignment of error.

---

[2] West Virginia Code § 48-1-228(a) defines "gross income" as "all earned and unearned income."

[3] West Virginia Code § 48-1-228(b)(6) provides that "gross income" includes, but is not limited to, "[a]n amount equal to fifty percent of the average compensation paid for personal services as overtime compensation during the preceding thirty-six months. . . ."

[4] West Virginia Code § 48-13-602(c) provides that "[a]fter the total child support obligation is calculated and divided between the parents in proportion to their adjusted gross income, the amount of the health insurance premium added to the basic child support obligation is deducted from the support obligor's share of the total child support obligation. . . ."

[5] *See Hicks v. Hicks*, 206 W.Va. 492, 526 S.E.2d 14 (1999); *Rogers v. Rogers*, 197 W.Va. 365, 475 S.E.2d 457 (1996).

Mr. D.'s fourth and final assignment of error is that the family court erred in failing to allocate the dependent tax exemption for B. to Mr. D. in alternating years. West Virginia Code § 48-13-801 provides that,

> [u]nless otherwise agreed to by the parties, *the court shall allocate the right to claim dependent children for income tax purposes to the payee parent except in cases of extended shared parenting*. In extended shared parenting cases, these rights shall be allocated between the parties in proportion to their adjusted gross incomes for child support calculations. In a situation where allocation would be of no tax benefit to a party, the court need make no allocation to that party. However, the tax exemptions for the minor child or children should be granted to the payor parent only if the total of the payee parent's income and child support is greater when the exemption is awarded to the payor parent.

(Emphasis added.) As we noted above, pursuant to West Virginia Code § 48-13-501, the extended shared parenting formula applies only where "each parent has the child for more than one hundred twenty-seven days per year. . . ." Given that Mr. D. was granted only 120 days with B. each year, the extended shared parenting formula does not apply. Therefore, in accordance with West Virginia Code § 48-13-801, the family court properly allocated to Ms. B. the right to claim B. for income tax purposes, because she is the "payee parent" in this case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 3, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II